IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Functional Government Initiative**
6218 Georgia Avenue NW
Suite 1-1235
Washington, DC 20011-5125

     Plaintiff,

v.

**United States Department of Education**
400 Maryland Avenue, SW
Washington, DC 20202

     Defendant.

**Civil Action No.**

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Declaratory Judgment Act, and 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief.  Plaintiff Functional Government Initiative ("FGI") challenges the failure of the United States Department of Education ("ED") to disclose to FGI records that generally pertain to student loan forgiveness or the extension of the moratorium on loan repayments through the end of December 2022.  The specific records sought are detailed below.

2. This case seeks declaratory relief that ED is in violation of FOIA, 5 U.S.C. § 552(a)(6)(E), ED's regulations, and 28 C.F.R. § 16.5(e), and for injunctive relief ordering ED to immediately process and release to FGI the requested records in their entirety.

### Jurisdiction and Venue

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(c)(i).  This Court

also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

4. Plaintiff FGI is an unincorporated association of individuals dedicated to improving the American public's access to information about the officials, decisions, actions, and priorities of their government.  *See* D.C. Code § 29-1102(5).

5. Defendant ED is a Cabinet-level department of the United States government responsible for establishing policies on federal financial aid for education, and distributing and monitoring those funds, collecting data on America's schools and disseminating research, focusing national attention on key educational issues, and prohibiting discrimination and ensuring equal access to education.  ED has possession and control of the requested records and is responsible for fulfilling FGI's FOIA request.

## Statutory and Regulatory Background

6. FOIA requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must notify a party making a FOIA request within 20 working days of the agency's determination and the reasons therefor and of the requester's right to appeal the determination to the agency head.  5 U.S.C. § 552(a)(6)(A)(i).

## Factual Background

8. The forgiveness of student loans, without any legislation approving or directing the forgiveness of those loans, is the subject of considerable legal debate, along with ethical and moral concerns.

9. Loan "forgiveness" by the Federal Government does not "eliminate" the loan; rather, it merely shifts the obligation to repay the borrowers to the Federal Government, funded by the taxpaying public.

10. Legally, the Administration's decision to forgive certain student loans or portions thereof is subject to a challenge that the Administration did not have congressional authorization to implement the program. *See* https://apnews.com/article/student-loan-forgiveness-supreme-court-case-explained-8c62622e87c4ebff995f971263d932fc (accessed Mar. 10, 2023).

11. The program is also subject to criticism that it transfers the obligations of people who incurred student loan debts to taxpayers whose debts—whether education-related or not—were not "forgiven." *See* https://www.cnn.com/2022/08/26/opinions/biden-student-loan-forgiveness-unfair-dent/index.html (accessed Mar. 10, 2023).

12. Those legal and moral concerns would be heightened by any records demonstrating that, for example, the program and the decision to forgive the loans was motivated by political concerns as opposed to an effort to faithfully execute the laws passed by Congress.

13. In an effort to gain an understanding of the Administration's basis for its decision to implement the student loan forgiveness program, and to share that information with the taxpaying public, the FOIA request at issue seeks records relating to whether the Administration's program was motivated by opinion polls, the timing of the midterm election, and records regarding the Administration's purported legal authority for implementing the program.

**22-03507-F**

14.     On August 25, 2022, FGI sent the subject FOIA request[1] to ED's FOIA Service Center seeking all records and communications regarding student loan forgiveness or the extension of the moratorium on loan repayments through the end of December 2022. FGI included certain key words to assist in the search for responsive records, as well as the names of certain ED officials and staff they were requesting be subject to these searches. *See id*.

15.     The subject FOIA request stated that it requested information from June 20, 2022, to the date ED began its search. *Id*.

16.     FGI also sought a waiver of fees associated with processing its request and explained in its request that the requested records would be of primary benefit to the public interest and because the requested records contribute to the public's understanding of the operations or activities of the government. *Id*.

17.     On August 26, 2022, FGI received a response via email from the ED FOIA Manager that its FOIA request had been received, was assigned tracking number 22-03507-F, and was in "In Process" status.[2]

18.     On September 14, 2022, FGI received, via email, a letter from ED's Service Center stating the subject FOIA request had been received August 25, 2022, and that FGI's request for a waiver of all fees had been granted.[3]

19.     On September 23, 2022, FGI received another letter from ED's FOIA Service Center stating it would not be able to respond to the subject FOIA request by the 20-day

---

[1] Attached hereto as Exhibit 1.
[2] Attached hereto as Exhibit 2.
[3] Attached hereto as Exhibit 3.

statutory requirement due to the scope of the request requiring ED to "conduct a vast search across multiple program offices, which we anticipate will result in a large amount of responsive records."[4] That letter did not indicate any anticipated date a response or documents would be provided to FGI. *Id*.

20. On November 4, 2022, FGI asked, via email, whether the search for responsive documents had begun, and for an estimated date it could expect to receive responsive documents.[5]

21. On November 7, 2022, FGI received an email response[6] simply stating that 22-03507-F was "In Process" and that the search for responsive records was still being conducted, and provided a "Check Status" link to view the status of 22-03507-F.

22. FGI responded that the "Check Status" link provided only re-stated that 22-03507-F was still "in process." *See id.*

23. Having received no further communication or documents for nearly four months, on February 28, 2023, FGI asked whether the search had progressed and when FGI could expect to receive a response. FGI also noted that the "Check Status" link page still noted the vague "in process" status, the same since August 26, 2022, as noted above. *See id*.

24. As of the filing date of this Complaint, FGI has received no documents or further response from ED regarding 22-03507-F.

25. It is apparent that, without litigation, ED will not produce the requested documents in a timeframe that allows for timely public disclosure regarding ED's actions.

---

[4] Attached hereto as Exhibit 4.

[5] Attached hereto as Exhibit 5 (personal telephone number redacted).

[6] Attached hereto as Exhibit 6 (personal telephone number redacted).

Accordingly, FGI has now exhausted all applicable administrative remedies with respect to 22-03507-F.

## PLAINTIFF'S CLAIM FOR RELIEF

### CLAIM ONE
### (Wrongful Withholding of Non-Exempt Records
### In Violation of FOIA by ED, 5 U.S.C. § 552)

26. FGI repeats and re-alleges paragraphs 1-25.

27. FGI properly requested records within the custody and control of ED and/or its subsidiary offices.

28. ED failed to comply with the statutory time limits for making a determination on the FOIA request, and by withholding from disclosure records responsive to FGI's FOIA request to ED.

29. FGI is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the requested records.

### Requested Relief

WHEREFORE, FGI respectfully requests that this Court:

(1) Order defendant ED to immediately and fully process Plaintiff FGI's August 25, 2022 FOIA request (22-03507-F) and disclose all non-exempt documents immediately to FGI;

(2) Issue a declaration that FGI is entitled to both immediate processing and disclosure of the requested records and indexes justifying the withholding of all or any portion of responsive records under claim of exemption;

(3) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld; and

(4) Grant such other relief as this Court may deem just and proper.

Counsel for FGI further requests that the Court award reasonable attorneys' fees and other litigation costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

Dated: March 16, 2023              Respectfully submitted,

/s/ Paul M. Bartkowski
Paul M. Bartkowski
(D.C. Bar No. 482432)
BARTKOWSKI PLLC
6803 Whittier Ave., Suite 200A
McLean, VA 22101
Telephone: (571) 533-3581
E-Mail: pbartkowski@bartkowskipllc.com

*Counsel for Functional Government Initiative*