# Exhibit 1



**FUNCTIONAL GOVERNMENT INITIATIVE**

August 25, 2022

Submitted online at https://foiaxpress.pal.ed.gov

U.S. Department of Education
FOIA Service Center
400 Maryland Avenue, SW, LBJ 7W104
Washington, DC 20202-4536

Re:     Records relating to the decision to forgive student debt and extend the pause in
        repayment of student loans

Dear Freedom of Information Act Officer:

The Functional Government Initiative (FGI) submits this request for records under the
Freedom of Information Act, 5 U.S.C. § 552, as amended (FOIA), and the relevant
implementing regulations of the Department of Education. FGI, a non-partisan
organization, engages in research, investigation, and education to promote transparency in
government and support values that help to build a solid infrastructure for a bright
American future.

Your prompt response pursuant to the requirements of FOIA, 5 U.S.C. § 522(a)(6)(A), is
appreciated.

REQUESTED RECORDS

FGI requests all records of the Department of Education officials and staff identified below
that meet the following criteria:

Date range: June 20, 2022, until the date the search beings.

All records discussing **student loan forgiveness** or **the extension of the moratorium on
loan repayments through the end of December 202**2 that also have the following key
words:

- Polls
- Public opinion
- Midterm
- Elections
- Approval rating
- Disapproval rating

1



- Inflation
- Recession
- "Pelosi" and "legal authority" within 10 words
- "Project on Predatory Student Lending"

Department of Education officials and staff for this request:

1. Miguel Cardona, Secretary of Education
2. Richard Cordray, Chief Operating Officer, Federal Student Aid
3. Cindy Marten, Deputy Secretary
4. James Kvaal, Under Secretary
5. Lisa Brown, General Counsel, Office of the General Counsel
6. Nasser Paydar, Assistant Secretary, Office of Postsecondary Education
7. Antoinette Flores, Senior Advisor, Office of Postsecondary Education
8. Toby Merrill, Deputy General Counsel, Office of the General Counsel
9. Michelle Asha Cooper, Deputy Under Secretary, Office of the Under Secretary
10. Rich Williams, Senior Advisor, Office of the Under Secretary
11. Joanna Darcus, Senior Counsel, Office of the General Counsel
12. Tariq Habash, Special Assistant, Office of Planning, Evaluation, and Policy Development
13. Melody Gonzales, Executive Director, White House Initiative on Advancing Educational Equity, Excellence, and Economic Opportunity for Hispanics, Office of the Secretary
14. Gwen Graham, Assistant Secretary, Office of Legislation and Congressional Affairs
15. Alexis Holmes, Executive Director, White House Initiative on Advancing Educational Equity, Excellence, and Economic Opportunity for Black Americans, Office of the Secretary
16. James Lane, Senior Advisor, Office of the Secretary
17. Kelly Leon, Press Secretary, Office of Communications and Outreach
18. Catherine Lhamon, Assistant Secretary, Office for Civil Rights
19. Shannon Myricks, White House Liaison, Office of the Secretary
20. Sheila Nix, Chief of Staff, Office of the Secretary
21. Blanchi Roblero, Chief of Staff, Office of Legislation and Congressional Affairs
22. Chris Soto, Senior Advisor, Office of the Secretary
23. Ramin Taheri, Chief of Staff, Office for Civil Rights
24. Joaquin Tamayo, Chief of Staff to the Deputy Secretary, Office of the Deputy Secretary
25. Rachel Thomas, Deputy Assistant Secretary for Communications, Office of Communications and Outreach
26. Dietra Trent, Executive Director, White House Initiative on Advancing Educational Equity, Excellence, and Economic Opportunity through Historically Black Colleges and Universities, Office of the Secretary



**FUNCTIONAL GOVERNMENT
INITIATIVE**

The term "all records" in this request refers to letters, correspondence, emails including attachments, schedules and calendar entries, electronic meeting invitations and replies, facsimiles, memoranda, text messages, notes from meetings and telephone calls, minutes of meetings, agendas of meetings, comments, files, presentations, consultations, drawings, diagrams, graphs, charts, assessments, evaluations, telephone records and logs, virtual meeting logs such as those produced by Microsoft Teams, papers (published or unpublished), reports, studies, photographs and other images, databases, data, maps, or all other responsive records in draft or final form that fall within the definition of "agency records" subject to FOIA.

This request is not meant to exclude any other records that, although not specifically requested, are reasonably related to the subject matter of this request.

We ask that you please provide all records in an electronic format and, to the extent practicable, in native file format or, if not practicable, with full metadata for all fields. FOIA provides that "an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format."[1]

Please provide records in either of the following formats:

1. Load-ready format with an index in .csv file or Excel spreadsheet, or
2. In .pdf format without any portfolios or embedded files and not in a single batched.pdf file.

If you should seek to withhold or redact any responsive records, we request that you do the following:

1. Identify each such record with specificity, including date, author, recipient, and parties copied,
2. Explain in full the basis for withholding responsive material,
3. Provide all segregable portions of the records for which you claim a specific exemption[2], and
4. Correlate any redactions with specific exemptions under FOIA.

If you or your office have destroyed or determine to withhold any records that could be reasonably construed to be responsive to this request, we ask that you indicate this fact and the reasons therefore in your response.

---

[1] 5 U.S.C. § 552(a)(3)(B).
[2] See 5 U.S.C. § 552(b).



**FUNCTIONAL GOVERNMENT
INITIATIVE**

Agencies are prohibited from denying requests for information under FOIA unless the agency reasonably believes release of the information will harm an interest that is protected by the exemption.[3]

Should you decide to invoke a FOIA exemption or any subsection (c) exclusions, please include sufficient information for us to assess the basis for the exemption, including any interests that would be harmed by release. Please include a detailed ledger with the following:

1. Basic factual material about each withheld record, including the originator, date, length, general subject matter, and location of each item, and
2. Complete justifications for each withheld records, including the specific exemptions under which the record or portion thereof, was withheld and a full explanation of how each exemption applies to the withheld material. Such statements will be helpful in deciding whether to appeal an adverse determination. Your written justification may help to avoid litigation.

If you determine that portions of the records requested are exempt from disclosure, we request that you segregate the exempt portions and send the non-exempt portions to my email address below within the statutory time limit.[4]

FGI is willing to receive records on a rolling basis.

In order to most efficiently facilitate our request, we request that the FOIA office use the agency's email management system to search and process this request.

<u>REQUEST FOR FEE WAIVER</u>

Pursuant to 5 U.S.C. § 552 and 34 CFR § 5.33(b)-(c), we request a waiver of fees for searching and producing the records described above. FOIA provides for a waiver of fees when a request is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."[5]

Below are details explaining (1) how the disclosure of the requested records is in the public interest, (2) that FGI intends distribute information to a broad audience of interested persons, and (3) that FGI has no commercial interests.

---

[3] FOIA Improvement Act of 2016 (Public Law No. 114-185), 5 U.S.C. § 552(a)(8)(A).
[4] 5 U.S.C. § 552(b).
[5] 5 U.S.C. § 552(a)(4)(A)(iii).



In addition, FGI is a "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience" and thus qualifies as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii). Below are details explaining (4) how FGI clearly meets these criteria.

1. <u>THE REQUEST IS IN THE PUBLIC INTEREST.</u>

Under FOIA, an agency must consider factors to determine whether a request is in the public interest. These include the following:

    A. Whether the subject of the requested records concerns "the operations or activities of the Federal government,"
    B. Whether the disclosure is "likely to contribute significantly" to an understanding of government operations or activities, and
    C. Whether the disclosure "will contribute to public understanding" of a reasonably broad audience of persons interested in the subject.

As shown below, FGI meets each of these factors.

**A. The requested records concern the operations and activities of the Federal government.**

The subject matter of this request concerns and the operations and activities of the Department of Education. The Department of Justice Freedom of Information Act Guide acknowledges that "in most cases records possessed by a federal agency will meet this threshold."[6] The threshold is met here not only because the records sought are by nature possessed by department staff but also because they relate to work as part of the federal government.

Thus, FGI meets this factor.

**B. Disclosure is "likely to contribute significantly" to an understanding of government operations or activities.**

Disclosure of the requested records is certain to contribute to public understanding of how key leaders at the Department of Education are discussing a significant topic in America today that directly relates to many Americans affected by student loans. With the requested records, there can be transparency on how this high-profile action was considered at the

---

[6] https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/fees-feewaivers.pdf



department. Once the information is made available, FGI will evaluate the information and present it to its followers and the general public.

FGI is not requesting these records merely for their intrinsic informational value. The public is always well served when it knows how the government conducts its activities, and the requested records would provide insight into how important decisions were made by federal officials. Hence, there can be no dispute that disclosure of the requested records to the public will significantly increasing the public's understanding about the agency's actions and decisions and whether agency actions were conducted in an objective and legal way.

Thus, FGI meets this factor.

**C. Disclosure of the requested records will contribute to the understanding of a reasonably broad audience.**

FGI has the ability and intention to convey this information to a broad audience (by means discussed in Section 2 below). The public does not currently have an ability to easily evaluate the requested records, as we are unaware of their being released. Given extensive media coverage, a very broad segment of the public is clearly interested in the request's topic, forgiveness of student debt and extending the pause in repayment.

Such public oversight of agency action is vital to our democratic system and clearly envisioned by the drafters of the FOIA. Thus, FGI meets this factor as well.

2. FGI HAS THE ABILITY AND INTENT TO DISSEMINATE THE INFORMATION TO A REASONABLY BROAD AUDIENCE INTERESTED IN THE SUBJECT.

FGI is a non-partisan organization that informs, educates, and counsels the public about government operations. A key component in being able in to fulfill this mission is access to information about the activities and decisions of senior government officials. Once the information is obtained, FGI has robust mechanisms in place, including its website, social media channels, and other similar platforms, to share information with the general public and interested organizations. FGI intends to use its channels to publish the information from these requested records, along with expert analysis. FGI also has a broad network of reporters, bloggers, and media publications with interest in its content and with durable relationships with the organization. FGI intends to use these far-reaching media outlets to publicize information obtained from this request.

Through these means, FGI's dissemination of the information will:

- Ensure that the information requested contributes significantly to the public's



understanding of the government's operations or activities,

- Ensure that the information enhances the public's understanding to a greater degree than currently exists,
- Demonstrate that FGI possesses the expertise to explain the requested information to the public,
- Demonstrate that FGI possesses the ability to make the requested information accessible to the general public, and
- Demonstrate that the news media recognizes FGI as a reliable source in the relevant field.

In determining whether disclosure of requested information will contribute significantly to public understanding, a guiding test is whether the requester will disseminate the information to a reasonably broad audience of persons interested in the subject.[7] FGI need not show how it intends to distribute the information, because "nothing in FOIA, the [agency] regulation, or our case law require[s] such pointless specificity."[8] It is sufficient for FGI to show how it distributes information to the public generally.[9]

3. <u>OBTAINING THE REQUESTED RECORDS IS OF NO COMMERCIAL INTEREST TO FGI.</u>

Disclosure is in no way connected with any commercial interest of the requestors. FGI is a non-partisan organization. FGI has no commercial interest and will realize no commercial benefit from the release of the requested records.

4. <u>FGI IS A REPRESENTATIVE OF THE NEWS MEDIA.</u>

Under FOIA, the term "representative of the news media" includes any person or entity that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience."[10] In *Cause of Action v. Federal Trade Commission*, the Court of Appeals for the District of Columbia broke the test for who is a media entity into five parts: "A requester must: (1) gather information of potential interest (2) to a segment of the public; (3) use its editorial skills to turn the raw materials into a distinct work; and (4) distribute that work (5) to an audience."[11] [12]

---

[7] *Carney v U.S. Dept. of Justice*, 19 F.3d 807 (2nd Cir. 1994).

[8] *Judicial Watch*, 326 F.3d at 1314.

[9] *Id.*

[10] 5 U.S.C. § 552(a)(4)(A)(ii).

[11] 799 F.3d 1108, 1120 (D.C. Cir. 2015).

[12] The court further noted that "the news-media fee waiver applies only to records that 'are not sought for commercial use.'" *Cause of Action*, 700 F.3d at 1120.  For the reasons set forth in section 3 above, FGI is not requesting these records for commercial use.



FUNCTIONAL GOVERNMENT
INITIATIVE

In interpreting this test, the court noted "the news-media waiver . . . focuses on the nature of the *requester*, not its request."[13] Accordingly, where a requester "satisfies the five criteria as a general matter, it does not matter whether any of the individual FOIA requests does so."[14]  Moreover, the media entity waiver applies to newer organizations as well as older ones: "there is no indication that Congress meant to make the lack of a prior publication record disqualifying when it enacted the statutory definition in 2007."[15]

### A.  FGI gathers information of potential interest.

FGI's mission is to demand transparency and promote shared values and beliefs in a thriving economy, a healthy America, a strong and equitable workforce, and a safe and clean environment.  As part of this mission, FGI engages in investigations and education initiatives around important issues, including high energy prices, the government's COVID-19 response, and government transparency.  These are topics of potentially broad public interest, as evidenced by the fact that multiple news outlets have written stories on releases issued by FGI in our short but active existence. You can see a number of FGI's media mentions at  https://functionalgovernment.org/category/media-mentions/.

### B.  FGI gathers information of interest to a segment of the public.

As demonstrated above, the information that FGI gathers is of interest to a segment of the public. This includes, but is not limited to, the segment of the public concerned with government transparency. The size of the segment of the public interests in any particularly information gathering project may vary, however, as the court has noted, "[a] newspaper reporter, for example, is a representative of the news media regardless of how much interest there is in the story for which he or she is requesting information."[16] Moreover, as long as FGI "satisfies the five criteria as a general matter, it does not matter whether any of the individual FOIA requests does so."[17]

As set forth in section 1(c) above, FGI believes that this request is of interest to a reasonably broad segment of the public. Even if the agency disagrees, however, there can be no doubt that other issues about which FGI gathers information, such as drivers of inflation in the United States, energy prices, government transparency and more, are of interest to a significant audience.

Accordingly, FGI is an organization that gathers information of interest to a segment of the

---

[13] 799 F.3d 1108, 1120 (D.C. Cir. 2015) at 1121 (emphasis in the original).
[14] *Id.*
[15] *Id.* at 1124.
[16] *Cause of Action*, 799 F.3d at 1121.
[17] *Id.*



FUNCTIONAL GOVERNMENT
INITIATIVE

population.

### C. FGI uses its editorial skills to turn raw materials into distinct works.

As the D.C. Circuit Court has stated, "A substantive press release or editorial comment can be a distinct work based on the underlying material, just as a newspaper article about the same documents would be — and its composition can involve 'a significant degree of editorial discretion.'"[18] Furthermore, "nothing in principle prevents a journalist from producing 'distinct work' that is based exclusively on documents obtained through FOIA."[19]

FGI is an entity that uses its editorial skills to turn raw materials into distinct works.  It routinely issues substantive press releases detailing its activities, posted at https://functionalgovernment.org/category/press-releases/. These press releases have included and will continue to include substantive analysis of the information gathered by FGI and involve a significant degree of editorial discretion. For example, FGI analyzed documents received from the Postal Regulatory Commission and noted, "As additional documents become available on this and other aspects affecting USPS operations and potential taxpayer obligations, FGI will release the records *and our unvarnished analysis*" (emphasis added).[20]

FGI also provides substantive editorial comment to other journalists and intends to continue to do so. Many of FGI's media mentions are posted at https://functionalgovernment.org/category/media-mentions/.

Like a newspaper or other media outlet, FGI uses its editorial skills to turn raw materials into distinct works and intends to do so for other subjects as it gathers additional information.  Thus, FGI meets this test.

### D. FGI distributes its work to an audience.

For purposes of FOIA, "posting content to a public website can qualify as a means of distributing it — notwithstanding that readers have to affirmatively access the content, rather than have it delivered to their doorsteps or beamed into their homes unbidden."[21] Moreover, while "[t]here is no doubt that the requirement that a requester distribute its work to 'an audience' contemplates that the work is distributed to more than a single person . . . beyond requiring that a person or entity have readers (or listeners or viewers),

---

[18] *Cause of Action*, 799 F.3d 1122 (quoting *Nat. Sec. Archive v. U.S. Dept. of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989)).

[19] *Id.*

[20] https://functionalgovernment.org/fgi-announces-an-investigation-into-postal-service-operations/

[21] *Cause of Action*, 799 F.3d at 1123.



FUNCTIONAL GOVERNMENT
INITIATIVE

the statute does not specify what size the audience must be."[22] Additionally, "[t]he fact that [a media entity's] readership is relatively small ... is irrelevant."[23]

Assessing whether a media entity distributes its work to an audience includes consideration of "past record, current operations, and future plans jointly."[24]

In addition, the court rejected "the suggestion that a public interest advocacy organization cannot satisfy the statute's distribution criterion because it is 'more like a middleman for dissemination to the media than a representative of the media itself,'" concluding "there is no indication that Congress meant to distinguish between those who reach their ultimate audiences directly and those who partner with others to do so, as some recognized journalistic enterprises do."[25]

FGI will continue to use its website to distribute original editorial content, including press releases. FGI has email subscribers and intends to establish a greater social media presence to reach its audience directly. In addition, FGI has a broad network of reporters, bloggers, and media publications with interest in its content and with durable relationships with the organization that FGI can partner with to distribute distinct editorial commentary.

Accordingly, FGI distributes its work to an audience.

### E. FGI qualifies as a representative of the news media.

Under the applicable law, a government accountability group qualifies as a media organization for purposes of FOIA when it gathers information of potential interest and uses it to create original content, which can be as simple as issuing a press release or comment to other media organizations, and distributes it, which can be as simple as posting it on a website with an audience greater than one. This is true even when an organization is new and does not have a long track record.

Accordingly, under the standard set forth in FOIA, and interpreted in *Cause of Action*, FGI clearly qualifies as a representative of the news media.

<u>FGI QUALIFIES FOR A FULL FEE WAIVER.</u>

For all the foregoing reasons, FGI qualifies for a full fee waiver. At minimum, FGI qualifies as a representative of the news media that is exempt from search and production costs. We

---

[22] *Id.* at 1124 (footnote omitted).
[23] *Id.* at 1124 (quoting *Tax Analysts v. Dept. of Justice*, 965 F.2d 1092, 1095 (D.C. Cir. 1992)).
[24] *Id.* at 1124.
[25] *Id.* at 1125 (citations omitted).



anticipate that the Department of Education will immediately grant our fee waiver request and begin to search and disclose the requested records without any unnecessary delays.

Thank you for your prompt attention to this request. If you have any questions, please contact me. All records and any related correspondence should be sent to my attention to the email address below.

Sincerely,

Chris Stanley
Director
Functional Government Initiative
6218 Georgia Avenue NW, Ste 1 - 1235
Washington, DC 20011-5125
chris@functionalgovernment.org